# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FRANK MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-00612 |
| | ) Judge Aleta A. Trauger |
| JUDSON PHILLIPS, | ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

Before the court is plaintiff Frank Miles' Complaint (Doc. No. 1), asserting a claim for breach of contract against defendant Judson Phillips.

For good cause shown, the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**. This case, however, must be dismissed for lack of jurisdiction.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This court has a duty to consider its subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. A*nswers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

There are two basic types of jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal question jurisdiction under § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted).

He invokes diversity jurisdiction when he presents a claim under state law between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a). The district court is to presume that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the plaintiff. *Kokkonen*, 511 U.S. at 377.

When a plaintiff fails to establish jurisdiction, the court must dismiss the case without prejudice. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

The plaintiff in this case, a resident of Maryland, seeks judgment against a local attorney based on breach of an engagement agreement executed by the plaintiff. (Doc. No. 1-1, at 3–6.) The plaintiff requests that the court enforce that portion of the engagement agreement requiring the attorney to reimburse the $4,000 retainer fee under certain circumstances. (*See* Doc. No. 1, at 3 (referencing ¶ 4 of the engagement agreement).)

Federal question jurisdiction does not exist in this case, because the plaintiff does not state a cause of action arising under federal law. The court may not exercise diversity jurisdiction over this case either. Although the plaintiff alleges that there is complete diversity of citizenship between the parties, since he resides in Maryland and the defendant resides in Tennessee, the amount in controversy, as alleged by the plaintiff, is $4,000, substantially less than the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332(a). *Accord Erdman v. Robinson*, 115 F. App'x 778, 780 (6th Cir. 2004) (affirming dismissal of legal malpractice and breach of

contract claims for lack of jurisdiction where the complaint did not establish the requisite amount in controversy).

Because the court lacks jurisdiction, this case is **DISMISSED WITHOUT PREJUDICE** to the plaintiff's ability to present his claims in state court.

It is so **ORDERED**.

This is the final order in this case for purposes of Fed. R. Civ. P. 58.

	ALETA A. TRAUGER
	United States District Judge